# IN THE UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF MICHIGAN
### SOUTHERN DIVISION

Hannah Boehm, Milissa McDonald, as next
friend of K.S., minor, Samantha Roech, as next
friend of E.S., minor, Amanda Moore, as next
friend of M.M., minor, Joshua Spano, as next
friend of E.Sp., minor, Ericka Skalski, as next
friend of J.S., minor, Lindsey Tobin, as next
friend of E.T., minor, Ana Fahr, as next friend
of I.I., minor, James Rapp, as next friend of
A.R, minor, Aubree Lloyd as next friend of
H.C., minor, Erica Munoz, as next friend of
A.M., minor,

Case No. 2:25-cv-12988

Hon.

        Plaintiffs,

v

Timothy Daugherty, Sarah Bentley,
Kelly Mattingly, Paul Salah, Huron Valley
School District, and EduStaff, LLC,

**COMPLAINT AND
JURY DEMAND**

        Defendants.

VEN R. JOHNSON (P39219)
KANWARPREET S. KHAHRA (P80253)
VEN JOHNSON LAW, PLC
Attorneys for Plaintiff
535 Griswold St., Ste 2600
Detroit, Michigan 48226
(313) 324-8300
vjohnson@venjohnsonlaw.com
kkhahra@venjohnsonlaw.com

## COMPLAINT

1

*There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the complaint.*

*/s/ Ven R. Johnson*
Ven R. Johnson

## **COMPLAINT**

NOW COME Plaintiffs, by and through their attorneys, VEN JOHNSON LAW, PLC, and for their Complaint and Cause of Action against the above-named Defendants, states as follows:

1.     The actions that form the basis of this Complaint occurred in the County of Oakland, State of Michigan.

2.     The amount in controversy is in excess of SEVENTY-FIVE THOUSAND ($75,000) dollars exclusive of costs, interest, and attorney fee.

3.     This Court has jurisdiction over the claims set forth herein that arise out of federal law pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over the claims set forth herein that arise out of state law pursuant to 28 U.S.C. § 1367.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arises out of occurrences that took place within this District, County of Oakland.

5.     At all times relevant to this Complaint, Defendant Timothy Daugherty ("Daugherty") was a substitute teacher for EduStaff, LLC ("EduStaff") and a resident of the County of Oakland, State of Michigan.

2

6.      At all times relevant to this Complaint, Defendant Huron Valley School District ("HVSD") is and was a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Oakland, State of Michigan.

7.      At all times relevant to this Complaint, Defendant EduStaff, LLC ("EduStaff") is and was a domestic limited liability company incorporated under the laws of the State of Michigan operating in the County of Oakland, State of Michigan.

8.      At all times relevant to this Complaint, Defendant Sarah Bentley ("Bentley") was a principal at Spring Mills Elementary School in the Huron Valley School District ("HVSD") and a resident of the County of Oakland, State of Michigan.

9.      At all times relevant to this Complaint, Defendant Kelly Mattingly ("Mattingly") was a social worker at Spring Mills Elementary School in the Huron Valley School District ("HVSD") and a resident of the County of Oakland, State of Michigan.

10.     At all times relevant to this Complaint, Defendant Paul Salah ("Salah") was a superintendent of Huron Valley School District ("HVSD") and a resident of the County of Oakland, State of Michigan.

3

## FACTUAL STATEMENT

### 2016

11.    On August 15, 2016, Plaintiff Hannah Boehm, (then a minor, and approximately 11 years old) who was friends with Daugherty's daughter, had a sleepover at Daugherty's house.  During that sleepover, Daugherty sexually assaulted Hannah.  Hannah immediately called her parents to pick her up. Later that day, Hannah and her father drove to White Lake Police Department and reported the crime.

12.    At this time, Daugherty was a third-party contract employee of Defendant EduStaff as a substitute teacher, and had been since approximately 2012.

13.    On August 19, 2016, Daugherty was arrested and charged with second degree CSC pursuant to MCL 750.520C2B.  This matter was litigated in the 6th Judicial Circuit Court of Oakland - Case No. 2016-260001-FH.

14.    Daugherty's bail conditions included a $25,000.00 personal bond, a prohibition on contact with anyone under the age of 18 including his own minor children (daughters), and a requirement to move out of his own family home in White Lake.

15.    Daugherty subsequently filed a motion to amend his bond,which was granted.  As a consequence, he was allowed to return to his family home and be around his daughters.  Thereafter, on November 30, 2016, Judge Rae Lee Chabot

4

entered another order further amending the conditions that stated that, "Defendant may have contact with extended family members who are minor children, provided that another adult is present."

## 2017

16.    The Oakland County Prosecutor's Office investigated the case and, unfortunately, ultimately recommended to Hannah and her parents that the criminal charges be voluntarily dismissed.  As a result, the case was dismissed on or about April 18, 2017.

## 2018

17.    In September 2018, despite him having already been charged with CSC, EduStaff assigned Daughertyto Huron Valley Schools as a substitute teacher.  Per Jeanette Wenger, Chief Human Resources Officer at Huron Valley Schools, Daugherty was placed on assignments at twelve different Huron Valley Schools since September 2018.

18.    Upon information and belief, the entire time that DaughertyDaugherty was employed through Edustaff, there was a yearly disclosure requirement that required substitute teachers (like Daugherty) to disclose if they had been charged and/or convicted of a crime.

**2019**

19.    Since 2019, when she was in Kindergarten at Spring Mills Elementary School, Daugherty has been inappropriately touching Plaintiff E.S.

20.    Since 2019, when Plaintiff M.M. was in Kindergarten at Spring Mills Elementary School, Daugherty had been inappropriately touching her and other girls. He would come up from behind her, grab her by her hips, pull her into his body, pull her onto his lap, touch her, and make comments to her regarding how strong he was.

21.    Since 2019, when Plaintiff E.Sp. was in Kindergarten at Spring Mills Elementary School, Daugherty would inappropriately touch her, including by hugging her from behind, wrapping both of his arms around her chest, and grabbing her chest.

**2020**

22.    Since 2020 when she was in Kindergarten at Spring Mills Elementary School, Daugherty was Plaintiff H.C.'s permanent substitute teacher, as well as a substitute teacher in special classes including gym, technology, and art. During that time, Daugherty would ask her to come to his desk, make her sit on his lap as he drew circles on portions of her body with his hand, which included the area of her vagina,over her clothing.

6

**2021**

23.   Since 2021, as early as when she was in the 2ⁿᵈ grade at Spring Mills Elementary School, Daugherty inappropriately touched Plaintiff A.R. on various parts of her body, including her leg, thigh, back, and upper chest.

24.   During the same time period, Daugherty inappropriately touched Plaintiff J.S. while she was a student at Spring Mills Elementary School. His inappropriate conduct toward her included hugging her from the front of her body whileplacing his hands around her to grab and carress her buttocks. He would also hug her from behind and place his arms around her in order to have his hands over her breasts. He would likewise place his hands on her thighs and rubbed them with his thumbs.

**2023**

25.   On February 27, 2023, Daugherty inappropriately touched Plaintiff K.S. while she was a student at Spring Mills Elementary School.  Specifically,he made her sit on his lap and proceeded to rub her in the area of her mid-thigh. K.S. stated that Daugherty behaved similarly all of the time with other female students, whom he would havesit on his lap while he inappropriately touched them.

26.   The following day, on February 28, 2023, K.S.'s mother, Milissa McDonald, reported this incident to the school principal, Defendant Sarah Bentley, via email.  Ms. Bentley ignored this report of child abuse and did not report this

incident to Child Protective Services, contrary to her obligations as a mandatory reporter pursuant to MCL 722.623.

27.    Ms. McDonald's February 28, 2023, email was forwarded to Kelly Mattingly from Principal Bentley and stated "hey let's touch base on this."

28.    Defendant Mattingly, in her capacity as a social worker, interviewed K.S. following Ms. McDonald's report regarding Daugherty's abuse.

29.    Unfortunately, no disciplinary measures were taken against Mr. Daughertyrelated to this incident.

30.    Also during the 2023-2024 school year, Daugherty inappropriately touched Plaintiff I.I. when she was in the 4th grade at Spring Mills Elementary School. Daughertywould put his hands on her back, give her hugs from behind, and would grab her buttocks. In one incident, Daugherty put his hands on her chest.

31.    Also beginning in 2023, when Plaintiff A.M. was a student at Spring Mills Elementary School, Daugherty would inappropriately touch her, give her hugs, and touch her vagina over her clothes.

32.    Also in 2023, when Plaintiff E.T. was in the 2nd grade at Spring Mills Elementary School, Daugherty inappropriately touched her on two occasions, which included putting his hand down her shirt and rubbing her chest near her nipples. She stated this first happened in Mrs. Endicott's classroom around the time of the Halloween party and that it specifically occurred when Mrs. Endicott was going to

get papers from the printer. Daugherty similarly touched E.T. on two occasions the following year, when she was in the 3rd grade.

**2024**

33.    On April 24, 2024, a paraprofessional employed at Spring Mills reported to Defendant Bentley that Daugherty allowed female students to sit on his lap.

34.    On May 2, 2024, an Art teacher reported to Defendant Bentley that she overheard a student in Mrs. Sheldon's class say to another student that "Mr. D was arrested for inappropriately touching students, and he did that to me, too."

35.    As a result of the ultimate investigation that occurred, on September 4, 2024, Daugherty was charged with six (6) counts of CSC 2nd Degree related to E.S., I.M., and J.S., by the Oakland County Prosecutor's Office.

36.    The matter proceeded to trial after which time Daugherty was found guilty on all charges and sentenced to 10-15 years in prison.

**COUNT I – SUBSTANTIVE DUE PROCESS VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 –DEFENDANT DAUGHERTY**

Plaintiffs reassert and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37.    Defendant Daugherty was at all times relevant to this cause of action an employee and/or administrator of a public school, was acting as a public-school employee and/or administrator and was acting within the scope of his employment and under the color of state law.

38.    At all times relevant to this cause of action, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. had the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution not to be deprived of life or liberty without due process of law.

39.    At all times relevant to this cause of action, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. were afforded the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, including the right to be free from sexual abuse at the hands of a school employee, which serves no pedagogical purpose and was only for the gratification of Defendant Daugherty.

40.    At all times relevant to this cause of action, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. had the right under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to be free from arbitrary government conduct that lacks all socially redeeming value.

41.    Defendant Daugherty engaged in physical sexual abuse of Hannah

10

Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., in violation of each of their rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant EduStaff, and/or Defendant HVSD.

42.     Those rights were at all times relevant to this cause of action clearly established in that any reasonable governmental official in Defendant Daugherty's position would have known that such rights were being violated when Defendant Daugherty inflicted physical sexual abuse on Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. as alleged herein.

43.     The acts of physical sexual and emotional abuse by Defendant Daugherty of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., under all circumstances relevant to this cause of action caused injury so severe, was so antithetical to the child's needs presented, and was so inspired by personal sexual gratification that is literally shocking to the conscience.

44.     The acts of physical and emotional abuse by Defendant Daugherty of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., under all circumstances relevant to this cause of action lacked any and all pedagogical

11

purpose or justification and lacked any socially redeeming value.

45.     Defendant Daugherty, when engaging in the conduct as set forth above, had reasonable opportunity to deliberate various alternatives and did not face the need to make a hurried judgment.

46.     The acts of physical sexual abuse by Defendant Daugherty of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., under all circumstances relevant to this cause of action amount to deliberate indifference to the risk that each of those Plaintiffs would suffer harm and to Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s health and safety of which Defendant Daugherty was specifically aware and yet disregarded.

47.     Defendant Daugherty's deliberate indifference under the circumstances relevant to this cause of action reflect a failure to even care about the health and safety of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., and such deliberate indifference under such circumstances thus literally shocks the conscience.

48.     Defendant Daugherty's sexual assault of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. amounted to a violation of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s rights under the Due Process Clause under the Fourteenth Amendment to the United States Constitution to personal security and bodily integrity, and to be free from

state actions that deprive a person of life, liberty, or property without due process of law, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Daugherty's position would have known.

49.     Defendant Daugherty's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Daugherty's position at all times relevant to this cause of action would have known that his conduct was in violation of the terms of the Fourteenth Amendment.

50.     Defendant Daugherty is not entitled to qualified immunity.

51.     As a direct and proximate result of Defendant Daugherty's physical sexual abuse of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., they  have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

     a.  Physical pain and suffering;

     b.  Mental anguish;

     c.  Fright and shock;

     d.  Denial of social pleasure and enjoyments;

     e.  Embarrassment, humiliation, and mortification;

f. Reasonable expenses of necessary medical care, treatment and services;

g. Loss of earning capacity;

h. Any and all injuries or damages that are learned through the course of discovery.

52. Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendant Daugherty, this Court should order and award additional damages, to be allowed so as to satisfy any and all such inadequacies.

53. The actions and/or deliberate indifference of Defendant Daugherty as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant Daugherty and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive

and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT II – EQUAL PROTECTION VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 – DEFENDANT DAUGHERTY

Plaintiffs reassert and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

54.     Defendant Daugherty was at all times relevant to this cause of action an employee of a public school, was acting as a public-school employee, and was acting within the scope of his employment and under the color of state law.

55.     The Equal Protection Clause of the United States Constitution prevents state actors from making distinctions that burden a fundamental right, target a suspect class, or intentionally treat one individual differently from others similarly situated without any rational basis.

56.     At all times relevant to this cause of action, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. had the rights under the Fourteenth Amendment of the United States Constitution to equal protection under the law.

57.     Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. are all females and are therefore part of a protected class of individuals under the Equal Protection Clause of the United States Constitution.

58.     The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating individuals differently where those actions are not rationally related to some legitimate governmental purpose.

59.     Defendant Daugherty engaged in physical sexual abuse of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., which violated Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on young children in the HVSD district who were not females.

60.     Defendant Daugherty's actions of treating Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. differently from male students by inflicting physical sexual abuse on Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. when such physical sexual abuse was not inflicted on males students was not rationally related to any legitimate governmental purpose.

61.     Defendant Daugherty's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Daugherty's position, at all times relevant to this cause of action, would have known that treating Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. differently than male students where such treatment was not rationally related to

16

any legitimate governmental purpose was a violation of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights under the Equal Protection Clause of the United States Constitution

62.   Defendant Daugherty is not entitled to qualified immunity.

63.   As a direct and proximate result of Defendant Daugherty's violation of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s rights under the Equal Protection Clause of the United States Constitution, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

a.  Physical pain and suffering;

b.  Mental anguish;

c.  Fright and shock;

d.  Denial of social pleasure and enjoyments;

e.  Embarrassment, humiliation, and mortification;

f.  Reasonable expenses of necessary medical care, treatment and services;

g.  Loss of earning capacity;

17

h. Any and all injuries or damages that are learned through the course of discovery.

64.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendant Daugherty, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

65.    The actions and/or deliberate indifference of Defendant Daugherty as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.  As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendant Daugherty and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT III – MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983 – DEFENDANTS EDUSTAFF AND HVSD

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

66. Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants EduStaff, and HVSD owed K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. certain duties to properly hire, supervise, monitor, and train its employees so as not violate the constitutional rights of students, and K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent, or otherwise protect students such as K.S. in the event that such violations may occur.

67. Defendants EduStaff and HVSD are liable pursuant to 42 U.S.C § 1983, in that their policies, procedures, regulations, and customs, or that their failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights as alleged throughout this Complaint.

68. Defendant Salah was at all times relevant to this cause of action an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

19

69.     Defendant Bentley was at all times relevant to this cause of action an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

70.     Defendant Mattingly was at all times relevant to this cause of action an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

71.     Defendant Salah at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

72.     Defendant Bentley at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training,

hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

73.     Defendant Mattingly at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

74.     Defendants EduStaff, and HVSD at all times relevant to this cause of action had knowledge of Defendant Daugherty's propensities to provide services and instruction to minor students while he was alone and unsupervised and in an area that was closed off and not visible to other school personnel.

75.     Defendants EduStaff, and HVSD, with such knowledge, condoned, encouraged, or otherwise knowingly acquiesced such conduct, which created substantial risks to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. that resulted in, or was the driving force behind, the constitutional violations as alleged herein, because they knew that privacy and lack of supervision or the ability of other personnel to observe Daugherty's interaction with students was essential to his ability to carry out abuse.

21

76.     Defendants EduStaff, and HVSD with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the substantial risks that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. would be sexually abused that would result in violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights as set forth throughout this Complaint.

77.     Defendants EduStaff, and HVSD were deliberately indifferent to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful, and tortious mistreatment of the students, including K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., as alleged throughout this Complaint.

78.     Defendants EduStaff, and HVSD were deliberately indifferent to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendants EduStaff and HVSD had knowledge that Defendant Daugherty did and would engage in conduct that created the substantial risks that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. would be sexually abused that would result in violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights as set forth

throughout this Complaint.

79.     Defendants EduStaff, and HVSD, through their policies, procedures, regulations, or customs, or lack thereof, breached their duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., specifically, in the following ways, including, but not limited to:

a.      Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

b.      Failing to enact or provide training on proper policies regarding the recognition of the risks that physical sexual abuse will occur;

c.      Failing to enact or provide training on proper policies regarding allowing adults such as Defendant Daugherty to be alone and unsupervised with minor students such that those minor students were at an increased risk of harm;

d.      Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., in particular;

e.      Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Daugherty, relative to the propensity to engage in the physical sexual abuse of children such that, despite written policies against such abuse, failure to sufficiently take action to prevent the occurrence of abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. has led to the formation of a custom that such abuse will be encouraged and tolerated;

f.      Failure to have proper policies, procedures, and training to address with the danger of using physical sexual abuse against

individuals, including K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.;

g.  Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Daugherty, who are known or should have been known to engage in improper use of physical sexual abuse;

h.  Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

i.  Sanctioning the use of physical sexual abuse by failing to adequately discipline or terminate employees who are known to have violated the Constitutional right of students on prior occasions, including but not limited to Defendant Daugherty;

j.  Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

k.  Ratifying the violation of constitutional rights by employees;

l.  Employing and retaining improperly trained employees and administrators;

m.  Other acts and omissions which may be learned through the course of discovery.

80.  The failures and/or actions set forth above to take action to prevent the physical sexual abuse by Defendant Daugherty of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. were a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and those were followed and enforced by supervisors and administrators, including, but not limited to, Defendants EduStaff, and HVSD.

81.  The above-enumerated actions, failures, and/or inactions constituted

deliberate indifference to the danger to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s  health, safety, and violation of their constitutional rights by Defendant Daugherty, including, but not limited to, those alleged in this Complaint.

82.    As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.    Physical pain and suffering;

    b.    Mental anguish;

    c.    Fright and shock;

    d.    Denial of social pleasure and enjoyments;

    e.    Embarrassment, humiliation, and mortification;

    f.    Reasonable expenses of necessary medical care, treatment and services;

    g.    Loss of earning capacity;

    h.    Any and all injuries or damages that are learned through the course of discovery.

83.    Pursuant to 42 U.S.C. § 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law.  To the extent that the damages

allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

84.     The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.  As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IV – SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. § 1983 –DEFENDANTS SALAH, BENTLEY, AND MATTINGLY

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

85.     Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendants Salah, Bentley, and

Mattingly owed K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. certain duties to properly hire, supervise, monitor, and train its employees so as not violate the constitutional rights of students, and K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. in particular and as alleged throughout this Complaint, and to take proper measures to report, prevent, or otherwise protect students such as K.S. in the event that such violations may occur.

86.     Defendants Salah, Bentley, and Mattingly are liable pursuant to 42 U.S.C § 1983, in that their policies, procedures, regulations, and customs, or that their failure to enact policies, procedures, regulations, and customs, caused and were the driving force behind the violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights as alleged throughout this Complaint.

87.     Defendant Salah was at all times relevant to this cause of action an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

88.     Defendant Bentley was at all times relevant to this cause of action an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

89.     Defendant Mattingly was at all times relevant to this cause of action

27

an employee and/or administrator of Defendant HVSD, was acting as an employee and/or administrator of Defendant HVSD and was acting within the scope of his employment and under the color of state law.

90.     Defendant Salah at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

91.     Defendant Bentley at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

92.     Defendant Mattingly at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at Defendant HVSD to enact policies, procedures, regulations, or customs regarding,

28

but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

93. Defendants Salah, Bentley, and Mattingly at all times relevant to this cause of action had knowledge of Defendant Daugherty's propensities to provide services and instruction to minor students while he was alone and unsupervised and in an area that was closed off and not visible to other school personnel.

94. Defendants Salah, Bentley, and Mattingly, with such knowledge, condoned, encouraged, or otherwise knowingly acquiesced such conduct, which created substantial risks to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. that resulted in, or was the driving force behind, the constitutional violations as alleged herein, because they knew that privacy and lack of supervision or the ability of other personnel to observe Daugherty's interaction with students was essential to his ability to carry out abuse.

95. Defendants Salah, Bentley, and Mattingly, with such knowledge condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the substantial risks that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. would be sexually abused that would result in violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s

constitutional rights as set forth throughout this Complaint.

96.    Defendants Salah, Bentley, and Mattingly were deliberately indifferent to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional and other rights by failing to promulgate a policy and failing to properly train personnel and employees to prevent the unconstitutional, unlawful, and tortious mistreatment of the students, including K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., as alleged throughout this Complaint.

97.    Defendants Salah, Bentley, and Mattingly were deliberately indifferent to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint when Defendants Salah, Bentley, and Mattingly had knowledge that Defendant Daugherty did and would engage in conduct that created the substantial risks that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. would be sexually abused that would result in violation of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s constitutional rights as set forth throughout this Complaint.

98.    Defendants Salah, Bentley, and Mattingly, through their policies, procedures, regulations, or customs, or lack thereof, breached their duties, which amounted to reckless and/or deliberate indifference toward the general public, and toward K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., specifically, in

the following ways, including, but not limited to:

a. Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

b. Failing to enact or provide training on proper policies regarding the recognition of the risks that physical sexual abuse will occur;

c. Failing to enact or provide training on proper policies regarding allowing adults such as Defendant Daugherty to be alone and unsupervised with minor students such that those minor students were at an increased risk of harm;

d. Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., in particular;

e. Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendant Daugherty, relative to the propensity to engage in the physical sexual abuse of children such that, despite written policies against such abuse, failure to sufficiently take action to prevent the occurrence of abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. has led to the formation of a custom that such abuse will be encouraged and tolerated;

f. Failure to have proper policies, procedures, and training to address with the danger of using physical sexual abuse against individuals, including K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.;

31

g. Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendant Daugherty, who are known or should have been known to engage in improper use of physical sexual abuse;

h. Failure to supervise and/or train employees to prevent violation of students' Constitutional rights;

i. Sanctioning the use of physical sexual abuse by failing to adequately discipline or terminate employees who are known to have violated the Constitutional right of students on prior occasions, including but not limited to Defendant Daugherty;

j. Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

k. Ratifying the violation of constitutional rights by employees;

l. Employing and retaining improperly trained employees and administrators;

m. Other acts and omissions which may be learned through the course of discovery.

99.    The failures and/or actions set forth above to take action to prevent the physical sexual abuse by Defendant Daugherty of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. were a common pattern and practice among employees and personnel of deliberate indifference such that it constituted a policy or custom and those were followed and enforced by supervisors and administrators, including, but

not limited to, Defendants Salah, Bentley, and Mattingly.

100.    The above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s  health, safety, and violation of their constitutional rights by Defendant Daugherty, including, but not limited to, those alleged in this Complaint.

101.   As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

      a.     Physical pain and suffering;

      b.     Mental anguish;

      c.     Fright and shock;

      d.     Denial of social pleasure and enjoyments;

      e.     Embarrassment, humiliation, and mortification;

      f.     Reasonable expenses of necessary medical care, treatment and services;

      g.     Loss of earning capacity;

      h.     Any and all injuries or damages that are learned through the course of discovery.

102. Pursuant to 42 U.S.C. § 1983 and 1988, Defendants are liable to Plaintiffs for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter Defendants, this Court should order and award additional damages to be allowed so as to satisfy any and all such inadequacies.

103. The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. As a result of such intentional conduct, Plaintiffs are entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V – VIOLATION OF TITLE IX OF THE EDUCATION ACT OF 1972, 20 U.S.C. § 1681 *et seq.* –DEFENDANT HVSD

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

104.    Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a) provides in pertinent part:

*"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . ."*

105.    Title IX is implemented through the Code of Federal Regulations. 34 C.F.R. Part 106.8(b) provides:

*"... A recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part."*

106.    Defendant HVSD receives federal financial assistance and is therefore subject to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

107.    Title IX protects third parties from sexual harassment or violence in a school's education programs and activities. Under Title IX, sexual harassment includes any type of unwelcome conduct of a sexual nature, such as sexual advances, requests for sexual favors, and other verbal, nonverbal, or physical conduct of a sexual nature.

108.    Plaintiffs are each "persons" within the meaning of 20 U.S.C. §1681(a).

109.    Defendant Daugherty's sexual contact and touching of K.S., E.S.,

35

M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. constitutes discriminatory harassment and sexual misconduct within the meaning of Title IX.

110. Defendant Daugherty's conduct and Defendant LPS' deliberate indifference and failure to respond to being on actual notice of Defendant Daugherty's conduct is a violation of Title IX.

111. Defendant Daugherty's actions and conduct while employed by Defendant LPS were carried out under one of Defendant LPS' educational programs.

112. Defendant Daugherty's discriminatory harassment and sexual misconduct was severe, pervasive, and objectively offensive and effectively barred K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s access to educational opportunities and benefits.

113. The conduct by Defendant Daugherty was of a sexual nature and was unwelcome and sufficiently severe or pervasive from both a subjective and objective viewpoint such that the conduct had the purpose or effect of unreasonably interfering with K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s work or academic performance or creating an intimidating, hostile, or offensive environment for studying and learning during school.

114. The environment created from the conduct of Defendant Daugherty was hostile based on the circumstances, including but not limited to the nature and severity of the conduct, the relationship between the parties, the location and context

in which the conduct occurred, and the physically threatening and humiliating nature of the conduct.

115. Defendant Salah was an "appropriate person" within the meaning of Title IX, who had "actual notice" of the discriminatory harassment and sexual misconduct committed by Defendant Daugherty since February 28, 2023.

116. Defendant Bentley was an "appropriate person" within the meaning of Title IX, who had "actual notice" of the discriminatory harassment and sexual misconduct committed by Defendant Daugherty since February 28, 2023.

117. Defendant Mattingly was an "appropriate person" within the meaning of Title IX, who had "actual notice" of the discriminatory harassment and sexual misconduct committed by Defendant Daugherty since February 28, 2023.

118. At all times relevant to this action, Defendant Salah was an official of HVSD with the authority to take corrective action or preventative measures to end and/or remedy the discriminatory harassment and sexual misconduct.

119. At all times relevant to this action, Defendant Bentley was an official of HVSD with the authority to take corrective action or preventative measures to end and/or remedy the discriminatory harassment and sexual misconduct.

120. At all times relevant to this action, Defendant Mattingly was an official of HVSD with the authority to take corrective action or preventative measures to end and/or remedy the discriminatory harassment and sexual misconduct.

121. Defendant HVSD officials had actual knowledge of Defendant Daugherty's inappropriate behavior for a significant period of time before the harm that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. experienced and during the harm that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. was experiencing, yet none of the officials took appropriate steps towards any corrective action or made any effort to protect K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. or any other students from the harm.

122. Defendant HVSD' deliberate indifference to Defendant Daugherty's conduct as described herein was malicious, oppressive, or in reckless disregard of Plaintiffs' rights such that punitive damages are appropriate.

123. Pursuant to Title IX, Defendant HVSD and its officials are required to investigate all allegations of sexual and discriminatory harassment upon receiving a report.

124. Defendant HVSD is subject to liability because despite actual knowledge of Defendant Daugherty's discriminatory harassment and sexual misconduct, it was deliberately indifferent and took no action to prevent or remedy continued discrimination after receiving credible reports of inappropriate behavior by Defendant Daugherty. The lack of adequate response by Defendant HVSD was clearly unreasonable in light of the known circumstances.

125. Defendant HVSD acted with deliberate indifference, and in a clearly

unreasonable manner by failing to respond to allegations of discriminatory harassment and sexual misconduct so as to protect K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. and others from such abuse.

126.   As a result of Defendant HVSD's deliberate indifference to actual knowledge of Defendant Daugherty's discriminatory harassment and sexual misconduct, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. were subject to further discriminatory harassment and sexual misconduct by Defendant Daugherty.

127.   Additionally, Defendant HVSD failed to adequately supervise Defendant Daugherty, despite having actual knowledge that Defendant Daugherty posed a substantial risk of additional discriminatory harassment and sexual misconduct to the minor female students to whom he had unfettered access.

128.   Defendant HVSD's failure to formally investigate and take corrective actions to complaints of Defendant Daugherty's discriminatory harassment and sexual misconduct effectively denied K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s educational opportunities and benefits.

129.   As a result of the foregoing, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered extensive damages, have lost educational opportunities, have been unable to continue courses of study, have missed opportunities for classes, and were deprived of equal access to education.

130.   As a result of the foregoing, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. suffered injuries including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment, and services;

    g.  Loss of earning capacity;

    h.  Lost wages;

    i.  Loss of educational opportunities;

    j.  Any and all injuries or damages that are learned though the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VI – VIOLATION OF THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA), 20 U.S.C. § 1400 et seq – DEFENDANT HVSD

Plaintiffs reincorporate and re-allege each and every preceding paragraph as

if fully set forth herein.

131. At all relevant times herein, Plaintiffs K.S., A.M., and J.S. were students with disabilities who were eligible for and received services under an Individualized Education Program (IEP), as defined by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401(9) and (20).

132. Defendant HVSD is a recipient of federal funds and a "local educational agency" within the meaning of 20 U.S.C. § 1401(19), and is therefore required to provide each child with a disability a free appropriate public education ("FAPE") in conformity with the child's IEP 20 U.S.C. § 1401(9).

133. Defendant HVSD failed to provide Plaintiffs K.S., A.M., and J.S. with a FAPE as guaranteed by the IDEA in its actions and omissions including but not limited to, the following:

  a. Failing to ensure a safe and supportive educational environment in which Plaintiffs could access their educational programs in violation of 20 U.S.C. § 1414(d)(1)(A) and 34 C.F.R. § 300.320(a);

  b. Failing to protect Plaintiffs from known sexual abuse by Defendant Daugherty, which deprived them of the ability to benefit from instruction and services set forth in their IEPs 20 U.S.C. § 1412(a)(1)(A);

  c. Ignoring actual knowledge of abuse and failing to take corrective action, thereby denying Plaintiffs access to educational services guaranteed under 20 U.S.C. § 1401(9) and 34 C.F.R. § 300.101.

134.   Defendant HVSD's deliberate indifference and failure to implement and enforce appropriate safeguards denied Plaintiffs K.S., A.M., and J.S. the educational benefits of their IEPs and deprived them of the opportunity for meaningful educational progress, in violation of the IDEA.

135.   As a and/or *the* direct and proximate result of Defendant HVSD's violations of the IDEA, Plaintiffs K.S., A.M., and J.S. have suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to their academic and social development, including, but not limited to, the following:

  a.   Physical pain and suffering;

  b.   Mental anguish;

  c.   Fright and shock;

  d.   Denial of social pleasure and enjoyments;

  e.   Embarrassment, humiliation, and mortification;

  f.   Reasonable expenses of necessary medical care, treatment and services;

  g.   Loss of earning capacity;

  h.   Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount

in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT VIII – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 – DEFENDANT HVSD

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

136.   At all relevant times herein, Plaintiffs K.S., J.S., A.M, and I.I. were individuals with a disability as defined by §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and those regulations promulgated thereunder, 34 C.F.R. Part 104, which prohibit discrimination against persons with disabilities.

137.   Defendant HVSD is a recipient of federal financial assistance and is subject to the requirements of Section 504.

138.   Section 504 prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under any program or activity receiving Federal financial assistance.

139.   Defendant HVSD violated Plaintiffs K.S., J.S., A.M., and I.I.'s rights under Section 504 by its actions and omissions including but not limited to, the following:

> a. Failing to ensure that Plaintiffs with disabilities were protected from sexual abuse by Defendant Daugherty, thereby denying them meaningful access to education 29 U.S.C. § 794(a);

43

b.  Ignoring actual notice of abuse and failing to take corrective action, constituting deliberate indifference to Plaintiffs' rights 29 U.S.C. § 794(a) and its implementing regulations 34 C.F.R. § 104.4(b);

c.  Failing to provide reasonable accommodations, modifications, and safeguards necessary for equal access to educational programs 34 C.F.R. § 104.33;

d.  Permitting a hostile educational environment that foreseeably denied Plaintiffs with disabilities equal access to federally funded educational services 29 U.S.C. § 794(a).

140.   As a and/or *the* direct and proximate result of Defendant HVSD's violations of Plaintiffs K.S., A.M., and J.S.'s civil rights under the Rehabilitation Act, Plaintiffs have suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to their academic and social development, including, but not limited to, the following:

a.  Physical pain and suffering;

b.  Mental anguish;

c.  Fright and shock;

d.  Denial of social pleasure and enjoyments;

e.  Embarrassment, humiliation, and mortification;

f.  Reasonable expenses of necessary medical care, treatment and services;

g.  Loss of earning capacity;

44

h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IX – BATTERY – DEFENDANT DAUGHERTY

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

141. Defendant Daugherty's conduct, as set forth above, constituted a willful and harmful or offensive touching of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.

142. Defendant Daugherty's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Daugherty engaged in sexual contact with Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. by committing an intentional touching of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s intimate parts and/or an intentional touching of the clothing covering the immediate area of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and

A.M.'s intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

143.  Defendant Daugherty intended the acts that caused the willful and harmful or offensive touching of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.

144.  Defendant Daugherty's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

145.  Defendant Daugherty is not entitled to governmental immunity under Michigan law.

146.  As a and/or *the* direct and proximate result of Defendant Daugherty's conduct, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.   Physical pain and suffering;

    b.   Mental anguish;

    c.   Fright and shock;

d.   Denial of social pleasure and enjoyments;

e.   Embarrassment, humiliation, and mortification;

f.   Reasonable expenses of necessary medical care, treatment and services;

g.   Loss of earning capacity;

h.   Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT X – ASSAULT – DEFENDANT DAUGHERTY

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

147. The surrounding circumstances of Defendant Daugherty's conduct created a well-founded apprehension in Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. of imminent harmful and offensive contact and injury.

148. The surrounding circumstances of Defendant Daugherty's conduct created, from Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C.,

and A.M.'s perspective and belief, an apparent present ability for Defendant Daugherty to accomplish harmful and offensive contact and injury.

149. Defendant Daugherty's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

150. Defendant Daugherty is not entitled to governmental immunity under Michigan law.

151. As a and/or *the* direct and proximate result of Defendant Daugherty's conduct, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a.   Physical pain and suffering;

    b.   Mental anguish;

    c.   Fright and shock;

    d.   Denial of social pleasure and enjoyments;

    e.   Embarrassment, humiliation, and mortification;

    f.   Reasonable expenses of necessary medical care, treatment and services;

  g. Loss of earning capacity;

  h. Any and all injuries or damages that are learned through the course of discovery.

 WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT DAUGHERTY

 Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

 152. Defendant Daugherty's conduct, as set forth above, and in particular by inflicting physical and emotional sexual abuse on Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., was intentional or reckless, extreme, outrageous, and of such character as to be intolerable in a civilized society.

 153. Defendant Daugherty's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Daugherty engaged in sexual contact with Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. by committing an intentional touching of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and

A.M.'s intimate parts and/or an intentional touching of the clothing covering the immediate area of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s intimate parts and that intentional touching was done for the purpose of sexual arousal or gratification and/or done for a sexual purpose.

154.   Defendant Daugherty's conduct was for an ulterior motive or purpose, including, but not limited to, to cause Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. to suffer severe emotional distress.

155.   Defendant Daugherty's conduct has caused and will continue to cause Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. to suffer severe emotional distress.

156.   Defendant Daugherty's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

157.   Defendant Daugherty is not entitled to governmental immunity under Michigan law.

158.   As a and/or *the* direct and proximate result of Defendant Daugherty's conduct, Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious

impairment to her academic and social development, including, but not limited to, the following:

    a.  Physical pain and suffering;

    b.  Mental anguish;

    c.  Fright and shock;

    d.  Denial of social pleasure and enjoyments;

    e.  Embarrassment, humiliation, and mortification;

    f.  Reasonable expenses of necessary medical care, treatment and services;

    g.  Loss of earning capacity;

    h.  Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XII – ELLIOTT-LARSEN CIVIL RIGHTS ACT (MCL 37.2101 *et seq.*) – DEFENDANTS EDUSTAFF, HVSD, AND DAUGHERTY

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

159. MCL 37.2102(1) sets forth that "[t]he opportunity to obtain

employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right."

160. Defendants EduStaff, HVSD, and Daugherty are each a "person" as that term is defined under MCL 37.2103(g) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

161. Defendants EduStaff and HVSD are each a "political subdivision" as that term is defined under MCL 37.2103(h) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

162. Defendants EduStaff and HVSD are each a "place of public accommodation" as that term is defined under MCL 37.2301 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

163. MCL 37.2302 sets forth in relevant part that a "person shall not…deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status."

164. Defendants EduStaff and HVSD are each an "educational institution" as

that term is defined under MCL 37.2401 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

165. MCL 37.2402 sets forth that an "educational institution" shall not do any of the following:

    a. Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.

    b. Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex.

166. MCL 37.2103(i) sets forth as follows:

    i. Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

        i. Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

        ii. Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.

        iii. The conduct or communication has the purpose

53

or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

167. Defendant Daugherty made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. under circumstances and conditions that submission to the conduct or communication was made a term or condition either explicitly or implicitly for K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. to public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

168. Defendant Daugherty made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. under  circumstances  and conditions  that  submission  to  or  rejection  of the conduct or communication by K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. was used as a factor in decisions affecting K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

169. Defendant Daugherty made unwelcome sexual advances, requests for

sexual favors, and other verbal or physical conduct or communication of a sexual nature towards K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. under circumstances and conditions that the conduct or communication had the purpose or effect of substantially interfering with K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.'s public accommodations, public services, and education and created an intimidating, hostile, and offensive public accommodations, public services, and education environment.

170. Defendant Daugherty made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. under circumstances and conditions that the conduct or communication had the purpose or effect of denying K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of sex.

171. Defendant Daugherty conduct by engaging in physical sexual abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. constituted sexual harassment as that term is defined under MCL 37.2103(i) and was therefore discrimination "because of sex."

172. Defendant Daugherty is liable under the Elliott-Larsen Civil Rights Act,

MCL 37.2101 *et seq* for the violations set forth above.

173. Defendant HVSD as set forth above, are subject to liability under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

174. Defendants Daugherty and HVSD are not entitled to governmental immunity under Michigan law for the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

175. As a direct and proximate result of the violations of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*, as set forth above, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non- economic, severe physical, psychological, and emotional injuries, as well as serious impairment to her academic and social development, including, but not limited to, the following:

    a. Physical pain and suffering;

    b. Mental anguish;

    c. Fright and shock;

    d. Denial of social pleasure and enjoyments;

    e. Embarrassment, humiliation, and mortification;

    f. Reasonable expenses of necessary medical care, treatment and services;

    g. Loss of earning capacity;

h. Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XIII – FAILURE TO REPORT CHILD ABUSE PURSUANT TO MCL 722.623 – DEFENDANTS DAUGHERTY, SALAH, BENTLEY, AND MATTINGLY

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

176. The Michigan Child Protection Law ("CPL"), MCL 722.623, imposes a duty on certain individuals to report suspected "child abuse" or "child neglect" and assigns civil liability for failure to fulfill that duty.

177. MCL § 722.623(1)(a) sets forth, in relevant part, as follows:

1. An individual is required to report under this act as follows:

    a. A…social worker, licensed master's social worker, licensed bachelor's social worker, registered social service technician, social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher…who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect. Within 72 hours after

57

making an oral report by telephone to centralized intake, the reporting person shall file a written report as required in this act.

178. "Child abuse" is defined under MCL § 722.622(g) as "harm or threatened harm to a child's health or welfare that occurs though nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy."

179. "Central registry" as referenced in MCL § 722.623(1)(a) is defined under MCL § 722.622(c) as "the system maintained at the department that is used to keep a record of all reports filed with the department under this act in which relevant and accurate evidence of child abuse or child neglect is found to exist."

180. The "department" as referenced in MCL § 722.622(c) is defined under MCL § 722.622(q) as "the department of human services."

181. MCL § 722.633(1) provides that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

182. Defendants Daugherty, Salah, Bentley, and Mattingly, and other individuals whose identities are unknown at this time are each required under the CPL to report child abuse as set forth under MCL § 722.623(1)(a).

183. Defendant Daugherty's conduct by inflicting physical and emotional

sexual abuse on Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. constituted child abuse of Hannah Boehm, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. as that term is defined under MCL § 722.622(g).

184. Defendants Daugherty, Salah, Bentley, and Mattingly, and other individuals whose identities are unknown at this time each had reasonable cause to suspect that K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. had been subjected to child abuse as that term is defined under MCL § 722.622(g).

185. Defendants Daugherty, Salah, Bentley, and Mattingly, and other individuals whose identities are unknown at this time each failed to report child abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. of which they had reasonable cause to suspect.

186. K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. each suffered damages that were proximately caused by the failure of Defendants Daugherty, Salah, Bentley, and Mattingly to report child abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. of which those Defendants had reasonable cause to suspect.

187. Defendants Daugherty, Salah, Bentley, and Mattingly, and other individuals whose identities are unknown at this time failure to report child abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. together or separately, was the proximate cause of the damages that were suffered by K.S.,

E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. for such failures in that it was foreseeable that such failures, together or separately, would result in continued child abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M.

188. As a and/or *the* direct and proximate result of Defendants Daugherty, Salah, Bentley, and Mattingly, and other individuals whose identities are unknown at this time failure to report child abuse of K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M., as set forth above, K.S., E.S., M.M., E.Sp., J.S., E.T., I.I., A.R., H.C., and A.M. have suffered and will continue to suffer damages, both economic and non-economic, severe physical, psychological, and emotional injuries, as well as serious impairment to their academic and social development, including, but not limited to, the following:

    a.   Physical pain and suffering;

    b.   Mental anguish;

    c.   Fright and shock;

    d.   Denial of social pleasure and enjoyments;

    e.   Embarrassment, humiliation, and mortification;

    f.   Reasonable expenses of necessary medical care, treatment and services;

    g.   Loss of earning capacity;

    h.   Any and all injuries or damages that are learned through the course of discovery.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XIV – VICARIOUS LIABILITY (RESPONDEAT SUPERIOR) - DEFENDANT EDUSTAFF

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

189.   At all times pertinent hereto, Defendant Daugherty was an agent, servant, and/or employee of Defendant EduStaff, acting at all times under the direction and supervision and control of Defendant EduStaff supervisors and management level staff.

190.   At all times pertinent hereto, Defendant EduStaff had actual and/or constructive knowledge of Daugherty's propensity to sexually assault female children.

191.   At all times pertinent hereto, Defendant EduStaff had actual and/or constructive knowledge of Daugherty's sexual assault on Hannah Boehm.

192.   At all times pertinent hereto, Defendant EduStaff failed to discipline Daugherty and allowed him to teach children under the age of 18 despite his bond conditions prohibiting him from being able to do so.

193.   At all times pertinent hereto, Defendant EduStaff is vicariously liable for Defendant Daugherty's conduct as specified in this complaint.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT XV – NEGLIGENT HIRING, TRAINING, AND SUPERVISION – DEFENDANT EDUSTAFF

Plaintiffs reincorporate and re-allege each and every preceding paragraph as if fully set forth herein.

194.   At all times pertinent hereto, Defendant Daugherty was an agent, servant, and/or employee of Defendant EduStaff, acting at all times under the direction and supervision and control of Defendant EduStaff supervisors and management level staff.

195.   At all times pertinent hereto, Defendant EduStaff held itself out as a licensed national educational staffing agency, providing qualified substitute teachers

for schools and education institutions who had undergone extensive training program.

196. At all times pertinent hereto, Defendant EduStaff's minimum hiring requirements included, but was not necessarily limited to, the following:

      a.     A thorough review of the applicant's education, work history, and criminal conviction history.

      b.     Must have a substitute teaching permit renewed annually.

      c.     Must have school employment fingerprints.

      d.     Must have 60 credits and 2.0 GPA from accredited college/university.

      e.     Must have valid Michigan teaching certificate or substitute teaching permit.

      f.     Must have a work and character background indicating dependability, reliability, and the ability to work harmoniously with others.

      g.     Must not have a criminal history within five years of the application for employment.

      h.     Must be emotionally stable, mentally alert and capable of performing all job responsibilities.

      i.     Must have the ability to operate under stressful situations.

      j.     Must be appropriately trained for the work to be performed.

197. At all times pertinent hereto, Daugherty was expected by Defendant Edustaff to act in accordance with the rules, regulations, policies and procedures put

in place by Edustaff and enforced by Edustaff's management level staff during their training and supervision of Daugherty.

198.   At all times pertinent hereto, Defendant Edustaff, by and through its agents, servants, and/or employees as well as their management level staff, owed duties to the general public, and specifically to the Plaintiffs herein, to properly hire, retain, train, and supervise Daugherty but were negligent, careless, reckless, and did breach those duties owed in the following particulars:

   a.   In negligently failing to perform a thorough background check and personal evaluation upon Daugherty prior to his hiring, including but not limited to a review of information available in the public domain.

   b.   In negligently failing to conduct a review of Daugherty's educational history, work history, and criminal history.

   c.   In negligently failing to determine and assess whether Daugherty was mentally and/or emotionally stable and capable of performing all job-related duties, functions, and responsibilities.

   d.   In negligently failing to properly evaluate Daugherty's character and background.

   e.   In negligently failing to put Daugherty through a rigorous training program which included but was not limited to crisis prevention, sensitivity training, avoiding violent incidents, and avoiding escalating crises at work.

   f.   In negligently failing to supervise Daugherty, especially after management and/or supervisory personnel became aware of and/or had constructive knowledge of his propensities to sexually assault female children.

g.     In negligently failing to supervise Daugherty, especially after management and/or supervisory personnel became aware of and/or had constructive knowledge of his sexual assault on Hannah Boehm.

h.     In other acts of negligence pertaining to the hiring, retention, training, and/or supervision of Daugherty as disclosed during discovery.

199.   As a direct and proximate result of the negligent acts and/or omissions by Defendant Edustaff and their management and/or supervisory level staff as aforementioned, Daugherty sexually assaulted several female children in the second degree just as it was alleged that he sexually assaulted Hannah Boehm.

200.   Under the Doctrine of Respondeat Superior and Vicarious Liability, Defendant Edustaff is liable and responsible for those acts of their agents, servants, and/or employees committed within the course and scope of their employment.

201.   Plaintiff hereby incorporates by reference all damage allegations previously asserted in this complaint, as if they were specifically repeated herein paragraph by paragraph and word for word.

202.   The negligence of Defendant Edustaff as aforementioned, by and through the acts and/or omissions of their agents, servants, and/or employees, including their management and supervisory level staff, was both extreme and outrageous, warranting exemplary damages.

203.   t This court has jurisdiction as a result of the injuries and damages sustained and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Plaintiff demands judgment against these Defendants, jointly and severally, in whatever amount the court or jury determines to be fair, just, and adequate compensation for those injuries and damages sustained including death, together with interest, court costs, and attorney's fees.

Respectfully submitted,

VEN JOHNSON LAW, PLC
Attorneys for Plaintiff


By: /s/ *Ven R. Johnson*

VEN R. JOHNSON (P39219)
KANWARPREET S. KHAHRA (P80253)
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
kkhahra@venjohnsonlaw.com

Dated:  September 22, 2025

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DIVISION OF MICHIGAN
### SOUTHERN DIVISION

Hannah Boehm, Milissa McDonald, as next
friend of K.S., minor, Samantha Roech, as next
friend of E.S., minor, Amanda Moore, as next
friend of M.M., minor, Joshua Spano, as next
friend of E.Sp., minor, Ericka Skalski, as next
friend of J.S., minor, Lindsey Tobin, as next
friend of E.T., minor, Ana Fahr, as next friend
of I.I., minor, James Rapp, as next friend of
A.R, minor, Aubree Lloyd as next friend of
H.C., minor, Erica Munoz, as next friend of
A.M., minor,

Case No. 2:25-cv-12988

Hon.

       Plaintiffs,

v

Timothy Daugherty, Sarah Bentley,
Kelly Mattingly, Paul Salah, Huron Valley
School District, and EduStaff, LLC,

       Defendants.

---

VEN R. JOHNSON (P39219)
KANWARPREET S. KHAHRA (P80253)
VEN JOHNSON LAW, PLC
Attorneys for Plaintiff
535 Griswold St., Ste 2600
Detroit, Michigan 48226
(313) 324-8300
kkhahra@venjohnsonlaw.com

---

### **DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs, by and through their attorneys, VEN JOHNSON

67

LAW, PLC, and hereby demand a jury trial pursuant to F.R.C.P 38 in the above-mentioned matter.

Respectfully submitted,

VEN JOHNSON LAW, PLC
Attorneys for Plaintiff


By: /s/    *Ven R. Johnson*
KANWARPREET S. KHAHRA (P80253)
VEN R. JOHNSON (P39219)
535 Griswold, Suite 2600
Detroit, Michigan 48226
(313) 324-8300
kkhahra@venjohnsonlaw.com

Dated:  September 22, 2025